# In the United States District Court for the Southern District Of Georgia Brunswick Division

| | | |
|---|---|---|
| DARVIN TYLER HARRIS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:15-cv-101 |
| v. | * | |
| POLICE OFFICER JOEY COLEMAN, | * | |
| Defendant. | * | |

## ORDER

As set forth below, Plaintiff has failed to comply with this Court's Order and has failed to prosecute this action. Therefore, this case is hereby **DISMISSED WITHOUT PREJUDICE**. Additionally, the Court **DENIES** Plaintiff leave to appeal in forma pauperis.

## BACKGROUND

Plaintiff, seeking to proceed in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983. By Order dated August 3, 2015, the Court advised Plaintiff of the Prison Litigation Reform Act's procedures and requirements for filing and litigating prison civil rights suits. Dkt. No. 3. The Court granted Plaintiff leave to proceed in forma pauperis, and

instructed him to sign and return the Consent to Collection of Fees from his Trust Account and the Prisoner Trust Fund Account Statement. Id.

The Court emphasized that Plaintiff must return these forms within thirty (30) days from the date of the Order in order to proceed with this action. Id. at p. 3. Moreover, the Court made clear that if Plaintiff did not timely respond to the Order, "the Court will presume that Plaintiff desires to have this lawsuit voluntarily dismissed, and the Court will dismiss Plaintiff's case without prejudice." Id. at p. 4.

Plaintiff has entirely failed to respond to the Court's August 3, 2015 Order. Specifically, he has not submitted the Consent to Collection of Fees from his Trust Account and the Prisoner Trust Fund Account Statement. Indeed, Plaintiff has not taken any action in this case since filing his Complaint on July 23, 2015.

## DISCUSSION

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F.

App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not

suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620-21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed

to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been specifically directed to return the Prison Trust Fund Account Statement and Consent to Collection of Fees forms, Plaintiff has failed to do so. Without these basic filings, this Court cannot proceed with this case. See 28 U.S.C. § 1915(a)(2). Additionally, with Plaintiff not having taken any action on this case for over two months, he has failed to diligently prosecute his claims. Thus, Plaintiff has demonstrated a clear record of delay and disregard for this Court's Order, and a sanction other than dismissal will not suffice to remedy his deficiencies.

For these reasons, Plaintiff's Section 1983 Complaint, dkt. no. 1, is hereby **DISMISSED** without prejudice for failure to prosecute, and this case shall be **CLOSED**.

II. **Leave to Appeal In Forma Pauperis**

Plaintiff is also denied leave to appeal in forma pauperis. Though Plaintiff has, of course, not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies, that the appeal is not taken in good faith. 28

U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff in forma pauperis status on appeal.

## CONCLUSION

For the above-stated reasons, the Court hereby **DISMISSES** this action, without prejudice, and directs the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to appeal in forma pauperis.

**SO ORDERED**, this 7 day of October, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA